1  ZIMMERMAN REED, LLP
   CHRISTOPHER P. RIDOUT (State Bar No. 143931)
2    Email: christopher.ridout@zimmreed.com
   HANNAH BELKNAP (State Bar No. 294155)
3    Email: hannah.belknap@zimmreed.com
   2381 Rosecrans Avenue, Suite 328
4  Manhattan Beach, CA 90245
   (877) 500-8780 Telephone
5  (877) 500-8781 Facsimile

6  *Attorneys for Plaintiff*

7  *(Additional Counsel Listed Below)*

8

9                 **UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11 | ECONO-MED PHARMACY, INC., on          Case No. 2:16-cv-02579
   | behalf of itself and all others similarly
12 | situated,

13 |            Plaintiff,                  **CLASS ACTION COMPLAINT**

14 |      v.
                                           DEMAND FOR JURY TRIAL
15 | DENTAL EQUITIES, LLC; PEERUNITED,
   | LLC; PEER EQUITIES, LLC; and, DOES 1
16 | to 50, inclusive,

17 |            Defendants.

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# CLASS ACTION COMPLAINT

Plaintiff Econo-Med Pharmacy, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaint against Dental Equities, LLC; PeerUnited, LLC; and Peer Equities, LLC (collectively, "Defendants"), for violations of the Telephone Consumer Protection Act and the California Junk Fax Law, California Business and Professions Code § 17538.43. Plaintiff seeks certification of its claims against Defendants as a class action. In support, Plaintiff states as follows:

# INTRODUCTION

1.      This case challenges Defendants' policy and practice of faxing unsolicited advertisements without providing an opt-out notice and information in the margins as required by law.

2.      Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarking industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending unsolicited advertisements via fax and the TCPA and its implementing regulations prohibit persons from sending fax advertisements without including a detailed notice that allows recipients to expeditiously opt out of receiving future solicitations.

3.      The California Junk Fax Law, under California Business and Professions Code § 17538.43 ("California Junk Fax Law"), regulates junk fax advertisements sent from California or received in California. As is pertinent here, the California Junk Fax Law prohibits entities in California from sending unsolicited advertisements via fax and prohibits entities in California from sending fax advertisements without providing detailed information in the margins of the fax.

4.      Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on

recipients' fax machines. Plaintiff offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

5.    The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

6.    The California Junk Fax Law provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

7.    On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendants from future TCPA violations.

8.    Plaintiff further brings this case, on behalf of itself and all others similarly situated, under the California Junk Fax Law, to recover declaratory relief, damages for violations of the California Junk Fax Law, and injunctive relief.

## JURISDICTION AND VENUE

9.    This Court has personal jurisdiction over Defendants because Defendants conduct business in California, Defendants' businesses operate in California, and are California companies.

10.    This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

11.    This Court has supplemental jurisdiction over Plaintiff's California Junk Fax Law claim pursuant to 28 U.S.C. § 1367(a).

12.    Venue in this District is proper because this is the District in which the Defendants reside.

## PARTIES

13.    Plaintiff Econo-Med Pharmacy, Inc., is a family-owned pharmacy in Cherokee Village, Arkansas.

14.    Defendant Dental Equities, LLC, is a company that sells credit card memberships, among other things, to medical professionals nationwide. It has its principal place of business in Irvine, California and is organized under the laws of Nevada.

15.    Defendant PeerUnited, LLC, is a subsidiary of Dental Equities, LLC. It has its principal place of business in Irvine, California.

16.    Defendant Peer Equities, LLC, is a subsidiary of Dental Equities, LLC. It has its principal place of business in Irvine, California.

## FACTS

17.    On January 7, 2016, Defendants sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The fax advertises the DoctorsClub World Elite MasterCard (the "Product"). The fax advertisement states that "[t]he prestigious credit card is attached to a unique world of unprecedented discounts and benefits catering to [the healthcare community's] personal and business needs." It further prompts the recipient to "[b]e the first to Pre-Order the Exclusive Doctors Club World Elite MasterCard!" A copy of this facsimile is attached hereto and marked as Exhibit A.

18.    Exhibit A is exemplary of the junk faxes Defendants send.

19.    Upon information and belief, Plaintiff has received multiple fax advertisements from Defendants similar to Exhibit A.

20.    Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

21.    Defendants' faxes do not contain opt-out notices that comply with the requirements of the TCPA.

22.    Defendants' faxes do not contain information in the margins compliant with the California Junk Fax Law.

## CLASS ALLEGATIONS

23.    In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the California Junk Fax

Law, California Business and Professions Code § 17538.43, on behalf of the following class of persons (the "Class"):

> **All persons and entities who hold telephone numbers that received a facsimile transmission from Defendants at any time during the applicable Statute of Limitations to present (the "Class Period") that 1) promotes Defendants' products and 2) contains an opt-out notice identical or substantially similar to that contained on the facsimile advertisement attached as Exhibit A to the Complaint.**

24.    Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

25.    Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of the Defendants, as well as the officers, directors, agents, servants, or employees of the Defendants and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

26.    <u>Numerosity [Fed R. Civ. P. 23(a)(1)]</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendants have sent illegal fax advertisements to hundreds if not thousands of other recipients.

27.    <u>Commonality [Fed. R. Civ. P. 23(a)(2)]</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

(a)    Whether Defendants sent faxes advertising the commercial availability of property, goods, or services;

(b)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other fax advertisements;

(c)    Whether Defendants faxed advertisements without first obtaining the recipient's prior express permission or invitation;

(d)     Whether Defendants' advertisements contained the opt-out notice required by law;

(e)     Whether Defendants sent the fax advertisements knowingly or willfully;

(f)     Whether Defendants violated 47 U.S.C. § 227;

(g)     Whether Defendants violated Cal. Bus. and Prof. Code § 17538.43

(h)     Whether Plaintiff and the other Class Members are entitled to actual and/or statutory damages;

(i)     Whether the Court should award treble damages; and

(j)     Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, and/or other equitable relief.

28.     Typicality [Fed. R. Civ. P. 23(a)(3)].  Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received an unsolicited fax advertisement from Defendants during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendants have acted in the same manner toward Plaintiff and all Class Members.

29.     Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

30.     Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

(a)     Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that Defendants may assert will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

(c)     Defendants have acted and continues to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d)     The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e)     This case is inherently well-suited to class treatment in that:

    (i)     Defendants identified persons or entities to receive its fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

    (ii)    Common proof can establish Defendants' liability and the damages owed to Plaintiff and the Class;

    (iii)   Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

    (iv)    A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

    (v)     A class action will contribute to uniformity of decisions concerning Defendants' practices; and

    (vi)    As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

\\\
\\\
\\\
\\\
\\\

# CAUSES OF ACTION

## COUNT ONE

### Violations of the Telephone Consumer Protection Act

*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

31.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

32.    The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

33.    The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

34.    Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

35.    Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. §

64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

36.    Defendants faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

37.    Defendants knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendants to fax advertisements about its products; (b) that Defendants' faxes did not contain a compliant opt-out notice; and (c) that Exhibit A is an advertisement.

38.    Defendants' actions caused actual damage to Plaintiff and the Class Members. Defendants' junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendants' faxes through Plaintiff's and the Class Members' fax machines. Defendants' faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

39.    In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## COUNT TWO

### Violations of the California Junk Fax Law

*Cal. Bus. and Prof. Code Section 17538.43*

40.    Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

41.    The California Junk Fax Law states that "Unsolicited advertisement means

any material advertising the commercial availability or quality of any property, goods, or services that is transmitted to any person or entity without that person's or entity's prior express invitation or permission." Cal. Bus. and Prof. Code § 17538.43(a)(2).

42. The California Junk Fax Law provides that "it is unlawful for a person or entity, if either the person or entity or the recipient is located within California, to use any telephone facsimile machine, computer, or other device to send, or cause another person or entity to use such a device to send, an unsolicited advertisement to a telephone facsimile machine." *Id.* § 17538.43(b)(1).

43. The California Junk Fax Law makes it unlawful to "initiate any communication using a telephone facsimile machine that does not clearly mark, in a margin at the top or bottom of each transmitted page or on the first page of each transmission, the date and time sent, an identification of the business, other entity, or individual sending the message, and the telephone number of the sending machine or of the business, other entity, or individual." *Id.* § 17538.43(c)(1).

44. Defendant faxed unsolicited advertisements to Plaintiff in violation of Cal. Bus. and Prof. Code §17538.43(b)(1).

45. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; (b) that Exhibit A is an advertisement; and (c) that Exhibit A did not contain adequate information in the margins of each page—specifically, Exhibit A did not contain the telephone number of the sending fax machine—pursuant to California Junk Fax law.

46. Defendant's actions caused actual damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's and the Class Members' fax machines. Defendant's faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

47.     In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the California Junk Fax Law.

## **REQUEST FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a)      Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b)      Declare Defendants' conduct to be unlawful under the TCPA and the California Junk Fax Law;

c)      Award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

d)      Award damages under the California Junk Fax Law for each violation in the amount of actual monetary loss or $500, whichever amount is greater, and treble those damages;

e)      Enjoin Defendants from additional violations;

f)      Grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## **JURY DEMAND**

Plaintiff and the Members of the Class hereby request a trial by jury.


Respectfully submitted,

ZIMMERMAN REED, LLP

Dated: April 14, 2016          /s/ Christopher P. Ridout
                               CHRISTOPHER P. RIDOUT
                                  E-Mail: Christopher.Ridout@zimmreed.com
                               HANNAH BELKNAP
                                  E-Mail: Hannah.Belknap@zimmreed.com
                               2381 Rosecrans Avenue, Suite 328
                               Manhattan Beach, CA 90245
                               (877) 500-8780 Telephone

RANDY K. PULLIAM
    E-Mail: rpulliam@cbplaw.com
2800 Cantrell Rd., Suite 510
Little Rock, AR 72202
(501) 312-8500 Telephone
(501) 312-8505 Facsimile

*Attorneys for Plaintiff*